R. C. BOYCE v. L. RAY McMAHAN

No. 50

(Filed 10 October 1974)

1. Contracts § 3— terms left for future agreement — void contract

A contract or offer to contract leaving material portions open for future agreement is generally held to be nugatory and void for indefiniteness.

2. Contracts § 3— document subject to more detailed agreement — no enforceable contract

A paper writing between an owner of land and a developer relating to residential development of the land which states that it is a pre-

liminary agreement and that it is subject to a "more detailed agreement at some specific and subsequent date to be agreed to by the parties hereto" is not an enforceable contract.

Chief Justice BOBBITT not sitting.

APPEAL by defendant, L. Ray McMahan, from the decision of the Court of Appeals, 22 N.C. App. 254, 206 S.E. 2d 496, reversing the judgment in favor of the defendant entered in the Superior Court of GUILFORD County, by *Kivett, J.,* a jury trial having been waived by the parties.

The plaintiff, owner of a tract of land containing 170 acres in Sedgefield, brought this action for the removal of a cloud upon his title to the land by reason of the defendant's having placed upon the public record of Guilford County a paper writing which the defendant claims conveys to him the right to purchase the described land. The paper writing, attached to the complaint as an exhibit, is here quoted in full:

"NORTH CAROLINA                Steve Lawing      164 S.
Guilford County                Main      Hipi

THIS AGREEMENT made this 15th day of December, 1971, by and between R. C. BOYCE, hereinafter referred to as OWNER, and L. RAY McMAHAN, hereinafter referred to as DEVELOPER, both of Guilford County, North Carolina;

WHEREAS, OWNER owns approximately 170 acres, more or less, located in Sedgefield, North Carolina, said tract of land adjoining his residence at 3101 Alamance Road, Sedgefield, North Carolina; and

WHEREAS, OWNER is desirous of developing said land into residential lots or tracts for the purpose of sale; and

WHEREAS, DEVELOPER desires to develop said tract of land into residential lots or tracts for the purpose of sale; and

WHEREAS the OWNER AND DEVELOPER, in order to effectuate the same, desire to enter into a preliminary agreement setting out the main features as to the desires of both parties and to execute a more detailed agreement at a later date;

## WITNESSETH:

FOR AND IN CONSIDERATION OF $10.00 and other valuable considerations paid from one to the other, the receipt

of which is hereby acknowledged, the parties agree as follows:

1. OWNER agrees that said land owned by him consisting of 170 acres, more or less, the same adjoining his home at 3101 Alamance Road, Sedgefield, North Carolina, shall be developed by DEVELOPER and sold as residential lots or tracts, and in order to effectuate the same OWNER agrees to convey and execute such written instruments so that DEVELOPER may proceed to make necessary arrangements to develop said tract of land by engaging and making arrangements for necessary engineering, surveys, and landscape plans, and any other matters necessary in the development of the tract of land into residential lots or tracts;

That prior to the same OWNER will convey to DEVELOPER or such persons or corporations as he designates, the said 170 acres, more or less, with the following understanding and agreement by both parties.

a) That when said lots or tracts are sold DEVELOPER will pay to OWNER the sum of $3000.00 per acre, the said $3000.00 per acre to be paid before any other costs of developing said land is paid.

b) DEVELOPER will engage the necessary engineering and landscaping personnel and proper zoning for said development and any other means necessary for furtherance of developing the said tract or land.

c) OWNER is to receive the said sum of $3000.00 from DEVELOPER upon the sale of said lots or tracts; that after the payment of same and all costs such as engineering, landscaping fees, and all expenses in developing said land, OWNER and DEVELOPER will then share the balance of the proceeds in equal shares.

d) DEVELOPER will commence to develop said land immediately after the engineering and landscape plans, maps, and other necessary preliminary arrangements are consummated.

2. That the parties hereto agree to supplement this preliminary agreement by executing a more detailed agreement at some specific and subsequent date to be agreed to by the parties hereto.

Boyce v. McMahan

WHEREFORE, the parties hereto have executed this agreement in duplicate this the 15th day of December, 1971.

R. C. BOYCE (SEAL)
L. RAY McMAHAN (SEAL)"

The plaintiff alleges the defendant's claim is neither valid in law nor in fact and shows upon its face that it is a preliminary agreement and expresses the desire of the owner to have the land developed and the desire of the defendant to do the developing and that a further and more detailed agreement is to be executed at a later date to be agreed upon by the parties.

At the hearing, each party filed affidavits and each moved for summary judgment in his favor. In June, 1973, Judge Lupton denied plaintiff's motion for summary judgment. On February 6, 1974, Judge Kivett conducted a hearing and found facts, among them Finding No. 5, that the paper writing was prepared by counsel for the defendant and signed by the parties. The court adjudged that the paper writing, a copy of which is attached to the complaint and made a part thereof, is a valid, subsisting and enforceable contract for the purchase, sale, conveyance and development of the described land and ordered that the plaintiff forthwith convey the lands to the defendant or such persons or corporations as he shall designate.

The plaintiff excepted to the judgment and appealed to the North Carolina Court of Appeals. That court, in an opinion written by Morris, J., concurred in by Campbell, J. and dissented to by Vaughn, J., reversed the judgment entered by Judge Kivett in the superior court. On the basis of the dissent in the Court of Appeals, the defendant asks this Court for further review.

*Smith, Moore, Smith, Schell & Hunter by Beverly C. Moore and Richard A. Leippe for plaintiff appellee.*

*Fisher & Fisher by Louis J. Fisher, Jr., Turner, Rollins & Rollins by Thomas Turner for defendant appellant.*

HIGGINS, Justice.

Generally when parties not under disability contract at arms' length on a lawful subject, the courts will give redress to the injured party for a wrongful breach. On certain subjects and under certain conditions, contracts are required to be in writing. Others are valid if in parol. However, in either event the contracting parties must have agreed on all material terms of the contract.

To constitute a valid contract, the parties "must assent to the same thing in the same sense, and their minds must meet as to all the terms. If any portion of the proposed terms is not settled, or no mode agreed on by which they may be settled, there is no agreement." The foregoing is the language of Justice Adams in *Croom v. Lumber Co.*, 182 N.C. 217, 108 S.E. 735, citing 13 C.J., 264; 6 R.C.L., 644; 1 Page on Contracts, sec. 28; *Elks v. Ins. Co.*, 159 N.C. 619, 75 S.E. 808. See also *Goeckel v. Stokely*, 236 N.C. 604, 73 S.E. 2d 618; *Sprinkle v. Ponder*, 233 N.C. 312, 64 S.E. 2d 171; *Kirby v. Board of Education*, 230 N.C. 619, 55 S.E. 2d 322.

[1] The courts generally hold a contract, or offer to contract, leaving material portions open for future agreement is nugatory and void for indefiniteness. " 'The reason for this rule is that there would be no way by which the court could determine what sort of a contract the negotiations would result in; no rule by which the court could ascertain what damages, if any, might follow a refusal to enter into such future contract on the arrival of the time specified. Therefore, a contract to enter into a future contract must specify all its material and essential terms, and leave none to be agreed upon as a result of future negotiations.' 1 Elliot on Contracts, sec. 175." *Croom v. Lumber Co., supra.*

[2] In the usual case, the question whether an agreement is complete or partial is left to inference or further proof. In this case, however, the writing itself shows its incompleteness by emphasizing its preliminary character. It expresses the desires of the parties but not the agreement of both. "WHEREAS the OWNER AND DEVELOPER . . . desire to enter into a preliminary agreement setting out the main features as to the desires of both parties and to execute a more detailed agreement at a later date; . . . That the parties hereto agree to supplement this preliminary agreement by executing a more detailed agreement at some specific and subsequent date to be agreed to by the parties hereto."

The "preliminary" agreement was written by defendant's counsel at defendant's request. It begins by stating that it is a preliminary agreement and closes by reciting that a more detailed agreement will be made at some specific and subsequent date to be agreed upon by the parties. The parties concede no further contract or agreement has been entered into.

When measured by applicable rules, the deficiencies in the subject document are manifest. It is incomplete and insufficient

to support either a decree of specific performance or damages for breach. The writing itself carries the terms which destroy its efficacy as a contract. The plaintiff is entitled to have it removed from the record.

The decision of the Court of Appeals reversing the superior court is

Affirmed.

Chief Justice BOBBITT not sitting.