TONY CONNOR AND JEANNIE W. CONNOR, PLAINTIFFS-APPELLANTS v. DAVID R. HARLESS, SANDRA E. HARLESS, AND DAVID HUFFINE, TRUSTEE DEFENDANTS-APPELLEES

No. COA05-355

(Filed 7 March 2006)

**1. Appeal and Error— appealability—second motion for summary judgment—different legal issues from prior motion**

Plaintiffs' appeal from the 29 November 2004 order granting summary judgment to defendants is properly before the Court of Appeals because: (1) where a second motion for summary judgment presents legal issues different from those raised in the prior motion, such a motion is appropriate; and (2) defendants' first summary judgment motion revolved around the agreement not complying with the Statute of Frauds whereas the second motion, among other things, questioned whether there was mutual assent between the parties.

**2. Contracts— breach—no certain and definite price—no mutual assent**

The trial court did not err in a breach of contract to sell property case by granting summary judgment to defendants, because: (1) a contract to enter into a future contract must specify all its material and essential terms and leave none to be agreed upon as

CONNOR v. HARLESS

[176 N.C. App. 402 (2006)]

a result of future negotiations; (2) the price term was not certain and definite since no mechanism existed with the parties' agreement to address any potential price discrepancies when there were no additional provisions stating how to proceed if the two appraisals produced vastly different property values; (3) each plaintiff admitted by deposition that price was to be determined amongst the parties at a future date and defendants in their depositions agreed; and (4) there was no mutual assent between the parties as to the value of defendants' property, and thus, the purchase price to be paid.

Appeal by plaintiffs from order entered 29 November 2004 by Judge Jack A. Thompson in Brunswick County Superior Court. Heard in the Court of Appeals 2 November 2005.

*Charles M. Tighe for plaintiffs-appellants.*

*Shipman & Wright, L.L.P., by Gary K. Shipman and William G. Wright, for defendants-appellees.*

CALABRIA, Judge.

Tony ("Tony") and Jeannie ("Jeannie") Connor[1] (collectively known as "plaintiffs") appeal the 29 November 2004 order granting summary judgment to David ("David") and Sandra ("Sandra") Harless (collectively known as "Harless"), and David Huffine (collectively known as "defendants"). We affirm.

On 20 November 2000, plaintiffs and Harless entered into a written agreement under which Harless leased to plaintiffs 2.3 acres of real property located in Brunswick County at 2801 River Road S.E., Winnabow, North Carolina. Plaintiffs desired to "lease . . . and to operate for [their] own account [both a] general store/variety store and the premises upon which the store is located . . . ." Plaintiffs agreed to lease the property for a period of sixty months with an option to renew for an additional sixty month period and an option to purchase was included. Specifically, paragraph 20 of the written agreement, entitled "option to purchase," states:

"[a]t any time during the term of this lease or, upon termination of this lease, the lessee may at his option purchase said premises at a price of a fair market value, payable as follows: An amount in

---

1. Jeannie is the daughter of defendants David and Sandra, and her husband Tony is their son-in-law.

cash fair market value at the time of such purchase (based on at least two appraisals) . . . ."

The purpose of this provision was to provide plaintiffs with an option to purchase the leased premises if defendants ever decided to sell.

On or about 1 March 2003, Tony spoke with David expressing their desire to exercise their option to purchase the leased property. During the next months, plaintiffs discovered one of the conditions required by the lender was a recent appraisal of the property. On or about 15 May 2003, Tony gave David a copy of an appraisal and repeated their desire to purchase the leased premises. According to the first appraisal, the estimated value of the property was $140,000.00.

On 3 July 2003 plaintiffs' attorney gave written notice to Harless that plaintiffs desired to exercise their option to purchase the leased premises. At this point, a second appraisal was commissioned by plaintiffs where the value of the property was determined to be $160,000.00. As part of the 3 July 2003 correspondence, plaintiffs claimed the purchase price as $150,000.00 (the average of the two appraisals employed) to be paid in full at the closing. Following receipt of the letter from plaintiffs, defendants dispatched a letter on 29 July 2003 stating "under no circumstances would they ever agree to sell their old store building and approximately 2.5 acres to their daughter . . . and their son-in-law.".

Plaintiffs filed suit on 1 August 2003 alleging defendants breached their contract to sell the property. Defendants moved for summary judgment on 8 April 2004 citing as grounds that plaintiffs' claims were barred by the Statute of Frauds. On 27 April 2004 Judge William C. Gore denied defendants' motion. Citing legal issues different from those raised in the first motion as well as two depositions taken subsequent to the 27 April 2004 order, defendants moved for summary judgment on 5 November 2004. On 1 December 2004, Judge Jack A. Thompson granted defendants' motion. Plaintiffs appeal.

[1] Initially, we note this appeal is properly before us. "Where a second motion [for summary judgment] presents legal issues . . . *different* from those raised in the prior motion, such [a] motion [is] appropriate." *Carr v. Carbon Corp.*, 49 N.C. App. 631, 635, 272 S.E.2d 374, 377 (1980) (emphasis added). In the instant case, defendants' first summary judgment motion revolved around the agreement not complying with the Statute of Frauds. Conversely, defendants' second

motion, among other things, questioned whether there was mutual assent between the parties. Questioning whether a price term was physically present in the agreement and whether that written price was the amount actually negotiated and agreed upon by the parties to the agreement, are different legal inquiries and as such, present different legal issues. Thus, we address the merits of the case.

[2] Plaintiffs first argue the trial court erred in granting summary judgment to defendants because evidence was produced from which a reasonable jury could determine that the parties intended to contract. We disagree.

Summary judgment is appropriate and "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact . . . ." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2005). "The party moving for summary judgment must establish . . . that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Branks v. Kern*, 320 N.C. 621, 623, 359 S.E.2d 780, 782 (1987). The movant can carry this burden "by proving that an essential element of the opposing party's claim is nonexistent or by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim." *Zimmerman v. Hogg & Allen*, 286 N.C. 24, 29, 209 S.E.2d 795, 798 (1974). "All inferences are to be drawn against the moving party and in favor of the opposing party." *Branks*, 320 N.C. at 624, 359 S.E.2d at 782.

"It is essential to the formation of any contract that there be *mutual assent* of both parties to the *terms of the agreement* so as to establish a meeting of the minds." *Harrison v. Wal-Mart Stores, Inc.*, 170 N.C. App. 545, 550, 613 S.E.2d 322, 327 (2005) (quotation marks and citation omitted) (emphasis added). Further, "[m]utual assent is normally established by an offer by one party and an acceptance by the other, which offer and acceptance are *essential* elements of a contract." *Creech v. Melnik*, 347 N.C. 520, 527, 495 S.E.2d 907, 912 (1998) (emphasis added). Price, along with identification of the parties and the property to be sold, "are the *essential elements* of a contract." *Yaggy v. B.V.D. Co.*, 7 N.C. App. 590, 600, 173 S.E.2d 496, 503 (1970) (emphasis added). Consequently, as to the essential and material contractual term of price, there must be a meeting of the minds.

"[A] contract is nugatory and void for indefiniteness if it leaves any material portions open for future agreement." *Currituck Assoc.*

*Residential P'ship v. Hollowell*, 166 N.C. App. 17, 27, 601 S.E.2d 256, 263 (2004), *aff'd*, 360 N.C. 160, 622 S.E.2d 493 (2005) (citation and internal quotation marks omitted). Consequently, "a contract to enter into a future contract must specify all its material and essential terms, and leave none to be agreed upon as a result of future negotiations." *Boyce v. McMahan*, 285 N.C. 730, 734, 208 S.E.2d 692, 695 (1974) (citation omitted). In the instant case, once plaintiffs exercised the "option to purchase" provision in paragraph 20 of the agreement, the price to be paid was "[a]n amount in cash fair market value at the time of such purchase (based on at least two appraisals)." However, no mechanism existed within the agreement to address any potential price discrepancies. Specifically, there were no additional provisions stating how to proceed if the appraisals produced vastly different property values. Plaintiffs produced two appraisals that alone differed $20,000.00 in assessing the value of defendants' property. With no specification in the agreement as to how to address such greatly varying estimates in the value of defendants' property, the price term is not, as it must be, certain and definite. Moreover, each plaintiff admitted in their individual deposition that price was to be determined amongst the parties at a future date and the defendants, in their depositions, agreed. Here, there was no mutual assent between plaintiffs and defendants as to the value of the defendants' property and thus, the purchase price to be paid. " '[A] valid contract exists only where there has been a meeting of the minds as to all essential terms of the agreement.' " *Maxwell v. Michael P. Doyle, Inc.*, 164 N.C. App. 319, 326, 595 S.E.2d 759, 763 (2004) (quoting *Northington v. Michelotti*, 121 N.C. App. 180, 184, 464 S.E.2d 711, 714 (1995)). Because there was no meeting of the minds as to the essential term of price, the agreement between plaintiffs and defendants is not an enforceable contract.

Since we conclude the agreement lacked mutual assent, we need not reach any of the plaintiffs' other arguments.

Affirmed.

Judges HUDSON and BRYANT concur.