IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-529

 No. COA20-619

 Filed 5 October 2021

 Mecklenburg County, No. 12-CVS-11552

 DONALD PODREBARAC, Plaintiff,

 v.

 HORACK, TALLEY, PHARR & LOWNDES, P.A., and GENA G. MORRIS,
 Defendants.

 Appeal by Plaintiff from an order entered 10 February 2020 by Judge Jesse B.

 Caldwell, III, in Mecklenburg County Superior Court. Heard in the Court of Appeals

 26 May 2021.

 The Law Offices of James Scott Farrin, by Paul R. Dickinson Jr., Gary W.
 Jackson, and Christopher R. Bagley, for the Plaintiff-Appellant.

 Poyner Spruill LLP, by Cynthia L. Van Horne, for the Defendants-Appellees.

 DILLON, Judge.

¶1 Plaintiff Donald R. Podrebarac appeals from an order granting summary

 judgment for Defendants, Horack, Talley, Pharr & Lowndes, P.A., and Gena G.

 Morris. We vacate and remand.

 I. Background

¶2 Plaintiff commenced this action claiming Defendants committed legal

 malpractice in their representation of him in an equitable distribution matter (the
 PODREBARAC V. HORACK

 2021-NCCOA-529

 Opinion of the Court

 “domestic case”) against his ex-wife. During the mediation in the domestic case,

 Plaintiff and his ex-wife verbally agreed to a distribution of assets. At the conclusion

 of the mediation, they signed a document (hereinafter the “Stipulations”) that

 essentially outlined what they had just verbally agreed to. Further, the Stipulations

 provided that they agreed to formalize the terms pertaining to “property settlement

 and alimony provisions” in a to-be-drafted settlement agreement.

¶3 When Defendants presented the Stipulations to the trial court on behalf of

 their client (Plaintiff) for entry, Defendants mistakenly forgot to attach an

 accompanying “Asset Chart” and failed to have the Stipulations notarized. See N.C.

 Gen. Stat. § 50-20(d) (2009) (requiring that to settle equitable distribution with a

 stipulation, the stipulation must be notarized). The Asset Chart was significant as it

 set forth the agreed-upon distribution of all property between the parties.

¶4 In any event, a document entitled “Marital Property Settlement Agreement”

 was circulated amongst the Plaintiff and his ex-wife to formalize their oral

 agreement, but neither signed the document. Notwithstanding the foregoing, for two

 years, Plaintiff and his ex-wife acted in lockstep with the terms set forth in this

 unsigned document.

¶5 At some point, though, Plaintiff’s ex-wife began questioning the legitimacy of

 the Stipulations, triggering Plaintiff to file a Motion for Declaratory Judgment.

 Plaintiff’s ex-wife responded with a motion to dismiss. The court ruled in her favor,
 PODREBARAC V. HORACK

 2021-NCCOA-529

 Opinion of the Court

 finding the Stipulations to be unenforceable, primarily because they were not

 notarized.

¶6 After continued litigation, Plaintiff and his ex-wife finally settled the dispute,

 though Plaintiff found the terms less favorable than the terms he thought he and his

 wife had orally agreed to at their mediation.

¶7 Because of the “unfavorable” settlement in the domestic case, Plaintiff filed

 this present malpractice action, claiming that Defendants’ failure to properly file the

 Stipulations caused further litigation with his ex-wife, resulting in additional legal

 fees and a less favorable result. In response, Defendants filed a motion to dismiss

 based on the statute of limitations, which the trial court granted. On appeal, in

 Podrebarac v. Horack, Talley, Pharr, & Lowndes, P.A., 231 N.C. App. 70, 752 S.E.2d

 661 (2013), we reversed and remanded. Upon remand, the parties proceeded with

 discovery, but ultimately, the trial court entered an order granting summary

 judgment for Defendants. Plaintiff timely appealed.

 II. Standard of Review/Legal Malpractice

¶8 The standard of review on appeal from a grant of summary judgment is de

 novo. Variety Wholesalers, Inc. v. Salem Logistics Traffic Servs., LLC, 365 N.C. 520,

 523, 723 S.E.2d 744, 747 (2012). “The party moving for summary judgment is entitled

 to judgment as a matter of law only when there is no genuine issue of material fact.”

 Creech v. Melnik, 347 N.C. 520, 526, 495 S.E.2d 907, 911 (1998).
 PODREBARAC V. HORACK

 2021-NCCOA-529

 Opinion of the Court

¶9 As for legal malpractice, to prevail against one’s attorney, the client must show

 “(1) that the attorney breached the duties owed to his client . . . and that this

 negligence (2) proximately caused (3) damage to the plaintiff.” Rorrer v. Cooke, 313

 N.C. 338, 355, 329 S.E.2d 355, 366 (1985).

 III. Analysis

¶ 10 The trial court entered summary judgment against Plaintiff based on two

 different theories: (1) the Stipulations do not constitute an enforceable agreement as

 it was an “agreement to agree,” so Plaintiff could not establish proximate cause of any

 harm by Defendants’ failures obtaining the trial court’s acceptance of the

 Stipulations; and (2) Plaintiff’s claim is barred by the statute of limitations. We

 disagree and conclude that a genuine issue of material fact exists on both issues.

 A. Binding Agreement or “Agreement to Agree”

¶ 11 The trial court determined the Stipulations to be an “agreement to agree.” As

 such, the Stipulations, even if properly notarized, would have had no binding effect

 on Plaintiff and his ex-wife. Therefore, Defendants’ mistakes could not be the

 proximate cause of any harm to Plaintiff.

¶ 12 We conclude, however, that there is at least an issue of fact as to whether the

 Stipulations with the Asset Chart, if properly notarized, would have been a valid,

 enforceable agreement for the reasoning below.

¶ 13 Our Supreme Court has instructed that “[a] contract, or offer to contract,
 PODREBARAC V. HORACK

 2021-NCCOA-529

 Opinion of the Court

 leaving material portions open for future agreement is nugatory and void for

 indefiniteness.” Boyce v. McMahan, 285 N.C. 730, 734, 208 S.E.2d 692, 695 (1974)

 (emphasis added) (citations and quotations omitted). The Court explained that:

 The reason for this rule is that there would be no way by
 which the court could determine what sort of a contract the
 negotiations would result in; no rule by which the court
 could ascertain what damages, if any, might follow a
 refusal to enter into such future contract on the arrival of
 the time specified. Therefore, [to be itself enforceable] a
 contract to enter into a future contract must specify all its
 material and essential terms, and leave none to be agreed
 upon as a result of future negotiations.

 Id. at 734, 208 S.E.2d at 695.

¶ 14 Further, if the parties to a “preliminary” agreement “manifested an intent not

 to become bound until the execution of a more formal agreement or document, then

 such intent would be given effect[,]” even if the preliminary agreement otherwise

 contained all material terms. County of Jackson v. Nichols, 175 N.C. App. 196, 199,

 623 S.E.2d 277, 279 (2005).

¶ 15 In any case, our Supreme Court also instructs that “[i]n the usual case, the

 question whether an agreement is complete or partial is left to inference or further

 proof.” Boyce, 285 N.C. at 734, 208 S.E.2d at 695.

¶ 16 Relying on our Supreme Court’s reasoning in Boyce, our Court has held that a

 contract that the parties expect to formalize is not rendered invalid simply because

 the parties do not subsequently execute such a formal agreement so long as the
 PODREBARAC V. HORACK

 2021-NCCOA-529

 Opinion of the Court

 parties “assent to the same thing in the same sense, and their minds meet as to all

 the [material] terms.” Smith v. Young Moving & Storage, Inc., 167 N.C. App. 487,

 493, 606 S.E.2d 173, 177 (2004) (citation and quotation omitted); see also Lemly v.

 Colvard Oil Co., 157 N.C. App. 99, 103, 577 S.E.2d 712, 715 (2003) (discussing

 requirements of (1) a meeting of the minds as to all essential terms; and (2)

 "sufficiently definite and certain” terms when enforcing preliminary memorandum of

 settlement).

¶ 17 In the present case, it could be inferred that the Stipulations and Asset Chart,

 in conjunction, contain all material and essential terms for a binding settlement

 agreement. And there is otherwise no language therein conclusively expressing an

 intent that the Stipulations, on their own, were not binding. The divorcing parties’

 wishes for alimony, child support, health insurance, life insurance, attorney’s fees,

 taxes, real estate distribution, household goods and furnishings, and property

 distribution are all included. Thus, when comparing the Stipulations to the unsigned

 Settlement Agreement, it could be inferred that not one material term goes

 unaccounted for.

 B. Statute of Limitations

¶ 18 The trial court also relied on its conclusion that Plaintiff’s claims are barred by

 the applicable statute of limitations. We disagree.

¶ 19 A claim for legal malpractice has a three-year statute of limitations and
 PODREBARAC V. HORACK

 2021-NCCOA-529

 Opinion of the Court

 accrues on the date of the last act of the defendant giving rise to the cause of action.

 N.C. Gen. Stat. § 1-15(c) (2009). When the statute of limitations has been pleaded as

 a defense by the defendant, the burden is on the plaintiffs to show that they have

 timely filed their claim. Hooper v. Carr Lumber Company, 215 N.C. 308, 311, 1 S.E.2d

 818, 820 (1939).

¶ 20 The record shows that Defendants presented the Stipulations to the trial court

 for entry in the domestic case on 1 May 2009. Plaintiff did not commence this present

 suit until 14 June 2012, three years and a month later. Thus, under the general rule,

 Plaintiff would be barred by the statute of limitations.

¶ 21 There is, however, an exception to the general rule. The law, often referred to

 as the “latent discovery proviso,” further provides that: (1) if the loss is not readily

 apparent at the time of its origin and (2) the loss is discovered or should reasonably

 be discovered by the claimant two or more years after the last act, then [3] suit must

 be brought within one year from the date the discovery is made. N.C. Gen. Stat. § 1-

 15(c). “[But] in no event shall an action be commenced more than four years from the

 last act of the defendant giving rise to the cause of action.” Id. § 1-15(c).

¶ 22 Here, there is some evidence as to the first prong, that the Defendants’ errors

 were not readily apparent to Plaintiff at the time the Stipulations were submitted to

 the trial court.

¶ 23 Moving to the second prong, it could be inferred from the evidence that
 PODREBARAC V. HORACK

 2021-NCCOA-529

 Opinion of the Court

 Defendants’ defective representation was not reasonably discoverable by Plaintiff

 until on 13 April 2012, when Plaintiff’s ex-wife moved for a dismissal in the domestic

 case. See Podrebarac v. Horack, Talley, Pharr, & Lowndes, P.A., 231 N.C. App. 70,

 75, 752 S.E.2d 661, 664 (2013) (stating that “[t]he earliest that plaintiff could

 reasonably have been expected to discover that defect was on 13 April 2012, when

 Ms. Podrebarac’s attorney filed a motion to ‘dismiss’ his motion to enforce the

 ‘mediated settlement agreement’ ”). This date (13 April 2012) occurred two years

 after the last act (1 May 2009).

¶ 24 Further, it could be inferred from the evidence that Defendants confirmed to

 Plaintiff, and later redoubled, that the settlement was definite regardless of the error,

 deterring any assumption of malpractice. Contra Thorpe v. DeMent, 69 N.C. App.

 355, 317 S.E.2d 692 (1984) (holding that the date of discovery occurred when the

 defendant-lawyer informed plaintiffs of his error, which effectively destroyed their

 wrongful death claim, and plaintiffs dismissed lawyer shortly after).

¶ 25 Finally, as the third prong dictates, suit must be brought within a year of

 discovery. Because it could be inferred that reasonable discovery occurred on 13 April

 2012, Plaintiff had until 13 April 2013 (one year later) to file. Plaintiff filed within

 this window, on 14 June 2012. Accordingly, it could be inferred that Plaintiff timely

 filed his complaint in this present action.

 IV. Conclusion
 PODREBARAC V. HORACK

 2021-NCCOA-529

 Opinion of the Court

¶ 26 We hold that a genuine issue of material fact exists as to whether the

 Stipulations, if properly filed by Defendants, would have been binding. Further, it

 could be inferred that Plaintiff’s malpractice claim is not time-barred. Accordingly,

 the trial court erred in granting Defendants’ motion for summary judgment based on

 these two grounds. We, therefore, vacate the summary judgment order and remand

 the case for further proceedings.

 VACATED AND REMANDED.

 Judges CARPENTER and GORE concur.