COUNTY OF JACKSON, Plaintiff v. JAMES G. NICHOLS and wife, KIMBERLY DIANE NICHOLS, and KIMBERLY A. NICHOLS, Single, Defendants

No. COA05-292

(Filed 20 December 2005)

**1. Divorce— property settlement and separation agreement— first refusal provision—intent not to be bound**

    The trial court did not err by granting summary judgment for James Nichols where his former wife sought to enforce a first refusal provision in their separation agreement when the property in question was to be sold to the county. The separate first refusal agreement contemplated by the separation agreement was never signed, and the parties had conveyed parcels to each other covenanting that the properties were free and clear of encumbrances.

**2. Appeal and Error— record on appeal—prior court order not included—collateral estoppel not considered**

An assignment of error concerning collateral estoppel was not considered where the prior court order was not included in the record.

Appeal by defendant Kimberly A. Nichols from order entered 2 December 2004 by Judge Dennis J. Winner in Jackson County Superior Court. Heard in the Court of Appeals 2 November 2005.

*No brief filed for plaintiff-appellee.*

*Ball Barden & Bell, P.A., by Thomas R. Bell, for defendants-appellees James G. Nichols and Kimberly Diane Nichols.*

*Jennifer W. Moore, for defendant-appellant.*

TYSON, Judge.

Kimberly A. Nichols appeals from order entered granting summary judgment to James G. Nichols and wife, Kimberly Diane Nichols. We affirm.

## I. Background

Kimberly A. Nichols and James G. Nichols were married in 1988 and separated on 12 July 2000. The parties subsequently entered into a separation and property settlement agreement ("separation agreement") on 13 October 2000. The separation agreement was incorporated into a decree of absolute divorce filed 10 September 2001 by the Jackson County District Court.

During their marriage, the parties acquired a 4.81 acre parcel of land from James G. Nichols's father. The separation agreement provided that James G. Nichols would receive the parcel, excepting 0.87 acres to be conveyed to Kimberly A. Nichols. The separation agreement also provided that for a period of ten years following the execution of the separation agreement, neither party could accept an offer to purchase their parcel without first notifying the other party and providing an opportunity to purchase the property on identical terms as the offer they had received. The separation agreement further provided that if either party sold their land in violation of the separation agreement, the seller would be liable to the other party for the purchase price. The separation agreement stated that an express and distinct "right of first refusal agreement" was to be executed on

the same date as the separation agreement. A separate agreement was never executed.

James G. Nichols conveyed his marital interest in the 0.87 acre tract by general warranty deed to Kimberly A. Nichols on 31 October 2000. On 10 November 2000, Kimberly A. Nichols conveyed her marital interest in the 4.81 acre tract by general warranty deed to James G. Nichols, excepting the 0.87 acre tract she had received. On 5 March 2003, Kimberly A. Nichols conveyed the 0.87 acre tract to James G. Nichols for paid consideration of $100,000.00.

On 14 November 2003, James G. Nichols and wife, Kimberly Diane Nichols, entered into a contract with the County of Jackson to sell the entire 4.81 acres of property for 1.5 million dollars. James G. Nichols did not notify his former wife of the County's offer and did not first offer the property to her for purchase under the terms of the separation agreement. Kimberly A. Nichols became aware of the contract and filed an action in the Jackson County District Court, seeking to have James G. Nichols ordered to comply with the terms of the separation agreement. The trial court's order determined that James G. Nichols failed to notify his former wife of the offer. James G. Nichols refused to close the sale of the property with the County of Jackson.

The County of Jackson filed suit in the Jackson County Superior Court on 3 May 2004 seeking specific performance of the contract and joined Kimberly A. Nichols as a party in the suit. Kimberly A. Nichols filed a crossclaim against James G. Nichols, seeking enforcement of the separation agreement. James G. Nichols moved for summary judgment on Kimberly A. Nichols's crossclaim. The trial court granted James G. Nichols's motion for summary judgment on Kimberly A. Nichols's crossclaim. Kimberly A. Nichols appeals.

## II. Issues

Kimberly A. Nichols asserts the trial court erred by: (1) making findings of fact unsupported by admissible evidence; (2) making conclusions of law that are unsupported by findings of fact and admissible evidence; and (3) concluding that no genuine issue of material fact exists and that James G. Nichols and Kimberly Diane Nichols are entitled to judgment as a matter of law on the crossclaim.

## III. Summary Judgment

Kimberly A. Nichols contends the trial court erred in granting James G. Nichols's motion for summary judgment. We disagree.

This Court reiterated our standard of review of the trial court's grant of summary judgment in *Hoffman v. Great Am. Alliance Ins. Co.*, 166 N.C. App. 422, 601 S.E.2d 908 (2004).

> Our standard to review the grant of a motion for summary judgment is whether any genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. A defendant may show entitlement to summary judgment by (1) proving that an essential element of the plaintiff's case is nonexistent, or (2) showing through discovery that the plaintiff cannot produce evidence to support an essential element of his or her claim, or (3) showing that the plaintiff cannot surmount an affirmative defense. Once the party seeking summary judgment makes the required showing, the burden shifts to the nonmoving party to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that he can at least establish a *prima facie* case at trial.

*Id.* at 425-26, 601 S.E.2d at 911 (internal citations and quotations omitted).

### IV. Agreement to Agree

[1] It is well settled that a contract "leaving material portions open for future agreement is nugatory and void for indefiniteness." *Boyce v. McMahan*, 285 N.C. 730, 734, 208 S.E.2d 692, 695 (1974). The reason for this rule "is that if a preliminary contract fails to specify all of its material and essential terms so that some are left open for future negotiations, then there is no way by which a court can determine the resulting terms of such future negotiations." *Bank v. Wallens and Schaaf v. Longiotti*, 26 N.C. App. 580, 583, 217 S.E.2d 12, 15 (1975). If the parties to the contract "manifested an intent not to become bound until the execution of a more formal agreement or document, then such an intent would be given effect." *Id.*

> "In the usual case, the question whether an agreement is complete or partial is left to inference or further proof." "The subsequent conduct and interpretation of the parties themselves may be decisive of the question as to whether a contract has been made even though a document was contemplated and has never been executed."

*Id.* at 584, 217 S.E.2d at 15 (quoting *Boyce*, 285 N.C. at 734, 208 S.E.2d at 695; 1 Corbin, Contracts, § 30, pp. 107-08 (1963)). Our decision turns on whether a genuine issue of material fact exists if the

parties intended to be bound by the separation agreement when the referenced and separate right of first refusal agreement was never executed.

In *Wallens*, the agreement in question began by stating, "This letter is to serve as a memorandum agreement until proper complete documents can be drawn up to consummate this transaction." 26 N.C. App. at 582, 217 S.E.2d at 14. This Court upheld the agreement because it clearly stated that it would *serve* as an agreement until more complete documents were drawn. *Id.* at 583-84, 217 S.E.2d at 15. Here, the lack of a final agreement, along with the subsequent conduct of the parties, demonstrates an intent by the parties not to be bound by the provisions of the separation agreement until a separate right of first refusal agreement was executed.

By deed dated 5 March 2003, Kimberly A. Nichols reconveyed the 0.87 acres to James G. Nichols. Included in the language of the deed is a statement that the grantor, Kimberly A. Nichols, "does grant, bargain, sell and convey unto the Grantee in fee simple, all that certain lot or parcel of land situated in Cashiers Township, Jackson County, North Carolina, and more particularly described as follows . . . ." The deed further states:

> And the Grantor covenants with the Grantee, that Grantor is seized of the premises in fee simple, has the right to convey the same in fee simple, that title is marketable, and free and clear of all encumbrances, and the Grantor will warrant and defend the title against the lawful claims of all persons whomsoever except for the exceptions herein after stated.

Black's Law Dictionary defines an encumbrance as a "claim or liability that is attached to property or some other right and that may lessen its value . . . ." Black's Law Dictionary 547 (7th ed. 1999).

A right of first refusal, also termed as a "preemptive right," "requires that, before the property conveyed may be sold to another party, it must first be offered to the conveyor or his heirs, or to some specially designated person." *Smith v. Mitchell*, 301 N.C. 58, 61, 269 S.E.2d 608, 610 (1980) (quoting 6 American Law of Property § 26.64 at 506-07 (1952)).

A preemptive provision creates the right in the holder to buy the property before the seller can convey it to another. *Id.* at 61, 269 S.E.2d at 610-11. A right of first refusal is a restraint on alienation. *Id.*

at 61, 269 S.E.2d at 610. In spite of the fact that a right of first refusal provision constitutes a restraint of alienability, our Supreme Court has held such agreements are enforceable if "carefully limited in duration and price" and are "reasonable." *Id.*

Kimberly A. Nichols covenanted in her deed to James G. Nichols that the property was free and clear of all encumbrances. A right of first refusal provision constitutes an encumbrance and creates a liability attached to the property. Our courts have held a right of first refusal to be a restraint on alienation. *Smith,* 301 N.C. at 61, 269 S.E.2d at 610. The 5 March 2003 conveyance of the 0.87 acres from Kimberly A. Nichols to James G. Nichols demonstrates that the parties did not intend to be bound by the provisions in the separation agreement absent the execution of a more formal and final right of first refusal, which was never executed. *Wallens,* 26 N.C. App. at 583, 217 S.E.2d at 15. As no genuine issue of material fact exists, James G. Nichols was entitled to summary judgment. The trial court did not err in granting James G. Nichols's motion for summary judgment.

## V. Collateral Estoppel

[2] Kimberly A. Nichols argues that in an order entered by the trial court on 26 April 2004, the court found that James G. Nichols failed to notify her of the offer to purchase the real property, and he is collaterally estopped from relitigating the same issue in the action pending in the Superior Court. Kimberly A. Nichols, as appellant, failed to include a copy of the district court's order in the record on appeal.

Rule 9 of the North Carolina Rules of Appellate Procedure limits this Court's review to matters contained in the record on appeal. Rule 9(a) provides that "copies of all other papers filed and statements of all other proceedings had in the trial court which are necessary to an understanding of all errors" should be included in the record on appeal. N.C.R. App. 9(a)(1)(j) (2005). As Kimberly A. Nichols failed to include a copy of the district court's order in the record on appeal, we do not address this issue. *State v. Brown,* 142 N.C. App. 491, 492-93, 543 S.E.2d 192, 193 (2001) (noting that it is the appellant's duty to ensure that the record before this Court is complete). This assignment of error is dismissed.

## VI. Conclusion

The trial court did not err in concluding no genuine issue of material fact existed with regard to Kimberly A. Nichols's crossclaim

against James G. Nichols. The trial court's order granting summary judgment in favor of James G. Nichols and wife, Kimberly Diane Nichols is affirmed.

Affirmed.

Judges JACKSON and SMITH concur.