AGEE, Circuit Judge,
concurring in the judgment:
I concur in the judgment of the majority, but write separately to express the very narrow reasoning under which I would affirm the district court’s enforcement of the settlement agreement between Prospect and ASA.
*156 First and foremost in this case, the Court must conclude whether Prospect and ASA reached a binding settlement agreement during their settlement negotiations. Under North Carolina law,[1] the formation of a settlement agreement is considered according to the established rules of ordinary contract law. Harris v. Ray Johnson Constr. Co., 139 N.C.App. 827, 534 S.E.2d 653, 654-55 (2000). Prospect does not dispute that the elements of a contract are present in this case-Prospect made an offer of settlement to ASA, ASA accepted that offer, and the offer included mutual promises, i.e., consideration. See Normile v. Miller, 313 N.C. 98, 326 S.E.2d 11, 18 (1985). Instead, Prospect argues that ASA’s acceptance of its offer of settlement was not effective because the parties intended that the settlement agreement not be binding until both parties signed a written settlement agreement.
Prospect’s argument fails, however, because the reviewing court owes deference to the district court’s finding that the parties reached agreement on the material terms of a settlement prior to Prospect’s expression of intent not to be bound absent a signed writing. Prospect offers no evidence that it expressed such an intent during the November 22, 2011 phone conversation. In the absence of evidence contradicting the district court’s finding that the parties agreed to the material terms of settlement on November 22, 2011 without any expression of intent that additional, binding formalities were required, I cannot say that the district court’s finding was in clear error. N.C. Nat’l Bank v. Wallens, 26 N.C.App. 580, 217 S.E.2d 12, 15 (1975) (holding that contracting parties’ contemplation of “a more ‘complete’ document does not necessarily indicate that material portions of the agreement have been left open for further negotiation”); see also Warren v. Halstead Indus., Inc., 802 F.2d 746, 752 (4th Cir.1986) (“It is only when the reviewing court, on the entire evidence, is left with a definite and firm conviction that a mistake has been committed that an appellate court may reverse.”).
Furthermore, as the majority opinion correctly points out, Prospect conceded before the district court that the issue of whether a valid settlement was reached was an issue of witness credibility. “Absent extraordinary circumstances, we will not disturb a factfinder’s credibility determinations.” Columbus-Am. Discovery Grp. v. Atlantic Mut. Ins. Co., 56 F.3d 556, 567 (4th Cir.1995) (citing Fed.R.Civ.P. 52(a)). Prospect demonstrates no such extraordinary circumstances here, and, thus, has not met its burden on appeal.[2]
I therefore concur in the majority’s decision to affirm the judgment of the district court, but do so based upon this court’s standard of review and Prospect’s failure to submit evidence contradicting the district court’s findings so as to meet that standard on appeal.

. The parties agree that the laws of North Carolina govern the Court’s consideration of whether the parties formed an enforceable contract, and we therefore apply North Carolina law. See Smith v. McDonald, 895 F.2d 147, 148 (4th Cir.1990).

. The majority opinion further concludes that Prospect failed to demonstrate that collateral estoppel applied in this case. I agree with that determination based solely on Prospect’s failure to demonstrate privity between ASA and CBH.