BILLY WENDELL BOLTON, Plaintiff v. JOHN W. CRONE, III and GAITHER, GORHAM & CRONE, A Partnership, Defendants

No. COA03-319

(Filed 6 January 2004)

**Statutes of Limitation and Repose— legal malpractice—purchase of land**

> The trial court did not err in a legal malpractice case by granting defendants' motion for summary judgment and by dismissing with prejudice plaintiff's 11 September 2002 complaint arising out of legal services for the purchase of land, because: (1) plaintiff failed to make a specific denial to the receipt of two letters sent on 13 April and 26 April 2001 alleging plaintiff had notice of the restrictive covenants on commercial development, and thus, the averment was deemed admitted; (2) the reply to the averment affected the issue of plaintiff's notice of his cause of action against defendants and consequently the running of the statute of limitations; and (3) plaintiff's action was filed approximately seven months after the expiration of the three-year statute of limitations under N.C.G.S. § 1-15(c) which began to run on the date of closing on 12 February 1999.

Appeal by plaintiff from judgment dated 17 December 2002 by Judge Timothy S. Kincaid in Catawba County Superior Court. Heard in the Court of Appeals 19 November 2003.

*Thomas C. Ruff, Jr.; and Richard H. Tomberlin, for plaintiff-appellant.*

*Poyner & Spruill LLP, by E. Fitzgerald Parnell, III and Rebecca B. Wofford, for defendant-appellees.*

BRYANT, Judge.

Billy Wendell Bolton (plaintiff) appeals a judgment dated 17 December 2002 dismissing with prejudice his legal malpractice action against John W. Crone, III (defendant Crone) and the law firm of Gaither, Gorham & Crone (collectively defendants).

In his complaint filed on 11 September 2002, plaintiff alleged the following: He retained defendants for legal services in connection with his purchase of land in Catawba County, North Carolina. Plaintiff gave a copy of the purchase contract to defendant Crone and communicated to him plaintiff's intent to use the land as a commercial site for automobile sales. Defendant Crone failed to advise plaintiff before the closing of the real estate transaction, conducted on 12 February 1999, that the subject land was restricted to residential use only.

In response, defendants filed a motion for judgment on the pleadings pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(c) or dismissal for failure to state a claim upon which relief can be granted under Rule 12(b)(6). In support of their motion, defendants attached (1) a complaint and motion filed on 6 September 2001 for preliminary injunction by G. Scott Lail and others against plaintiff and (2) plaintiff's answer to the Lail complaint and motion.

In the Lail complaint and motion, paragraph 8 alleged: "[Plaintiff] was previously informed on two occasions that his use of the property was restricted to residential use only. . . . by way of letters sent to [plaintiff] first on April 13, 1999 and secondly on April 26, 2001." In his answer to the Lail complaint and motion, plaintiff stated: "Answering the allegations of Paragraph 8, it is admitted that certain individuals have advised [plaintiff] of their belief that he is prohibited from using the subject property for any purpose other than residential."

The trial court found plaintiff's action was filed approximately seven months after the expiration of the statute of limitations, which began to run on the date of closing, and dismissed the action with prejudice. The trial court did not state whether the dismissal was based on Rule 12(c) or Rule 12(b)(6).

---

The sole issue on appeal is whether the trial court properly dismissed plaintiff's action.

BOLTON v. CRONE

[162 N.C. App. 171 (2004)]

The basis of defendants' motion was that the complaint failed to state an actionable claim upon which relief could be granted due to the expiration of the statute of limitations. *See Reunion Land Co. v. Village of Marvin*, 129 N.C. App. 249, 250, 497 S.E.2d 446, 447 (1998) (" '[a] statute of limitations can be the basis for dismissal on a Rule 12(b)(6) motion if the face of the complaint discloses that plaintiff's claim is so barred' ") (citation omitted). Because defendants presented the complaint and reply from the Lail action, which were not excluded by the trial court, the motion is treated as one for summary judgment. *See* N.C.G.S. § 1A-1, Rule 12(b) (2001) ("on a motion . . . to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment").[1] A motion for summary judgment is to be granted if "there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.G.S. § 1A-1, Rule 56(c) (2001).

A legal malpractice action is subject to a three-year statute of limitations. N.C.G.S. § 1-15(c) (2001); *Garrett v. Winfree*, 120 N.C. App. 689, 692, 463 S.E.2d 411, 414 (1995). The action "accrue[s] at the time of . . . the last act of the defendant giving rise to the cause of action." N.C.G.S. § 1-15(c). However, if the claimant's loss is

> not readily apparent to the claimant at the time of its origin, and . . . is discovered or should reasonably be discovered by the claimant two or more years after . . . the last act of the defendant giving rise to the cause of action, suit must be commenced within one year from the date discovery is made.

*Id.*

The crucial question in the instant case is whether plaintiff's answer to paragraph 8 of the Lail complaint constituted an admission to being informed of the restrictive covenants by the first letter sent on 13 April 1999.

> Denials [to a pleading] *shall* fairly meet the substance of the averments denied[, and that w]hen a pleader intends in good faith to deny only a part of or a qualification of an averment, he *shall* specify so much of it as is true and material and shall deny only the remainder.

---

1. At the hearing on the motion, plaintiff had the opportunity to present arguments against the motion, as required by Rule 12(b). *See* N.C.G.S. § 1A-1, Rule 12(b).

N.C.G.S. § 1A-1, Rule 8(b) (2001) (emphasis added). "Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading." N.C.G.S. § 1A-1, Rule 8(d) (2001). An answer, such as that of plaintiff to the Lail complaint, is a required responsive pleading. N.C.G.S. § 1A-1, Rule 7(a) (2001). The requirement of denials in Rule 8(d) applies to only material or relevant averments. *Connor v. Royal Globe Insur. Co.*, 56 N.C. App. 1, 6, 286 S.E.2d 810, 813 (1982).

In this case, the Lail complaint specifically alleged plaintiff had notice of the restrictive covenants by two letters, one of which was sent to plaintiff on 13 April 1999. At least at the time plaintiff received the Lail complaint, plaintiff had reason to question the existence of restrictive covenants on commercial development. The averment is material because, as this case itself shows, the reply to the averment affected the issue of plaintiff's notice of his cause of action against defendants and consequently the running of the statute of limitations in this case. *See* N.C.G.S. § 1-15(c). Plaintiff failed to make a specific denial to the receipt of the letters, and thus the averment was deemed admitted. *See* N.C.G.S. § 1A-1, Rule 8(b), (d); *Pierson v. Cumberland County Civic Ctr. Comm'n*, 141 N.C. App. 628, 634, 540 S.E.2d 810, 815 (2000) (" '[a]nything that a party to the action has done, said or written, if relevant to the issues and not subject to some specific exclusionary statute or rule, is admissible against him as an admission' ") (citations omitted). The malpractice action accrued at the time of the 12 February 1999 closing, the last act of defendant giving rise to the cause of action, and the action ran on 12 February 2002. *See* N.C.G.S. § 1-15(c). Because of the expiration of the statute of limitations, the trial court properly granted defendants' motion for summary judgment and dismissed with prejudice plaintiff's 11 September 2002 complaint.

Affirmed.

Judges CALABRIA and ELMORE concur.