DONALD R. PODREBARAC, Plaintiff
v.
HORACK, TALLEY, PHARR, & LOWNDES, P.A. and GENA G. MORRIS, Defendants

No. COA13-534

Filed 3 December 2013

**Statutes of Limitation and Repose—legal malpractice—discovery of defect**

The trial court erred by granting defendant's motion to dismiss plaintiff's complaint for legal malpractice under Rule 1A-1,Rule 12(b)(6) based on the statute of limitations. The alleged malpractice included failing to have the signatures on a mediation agreement notarized; liberally construing the complaint and applying the discovery rule to determine the earliest that plaintiff could reasonably have been expected to discover the defect, the complaint was filed within the time allowed.

Appeal by plaintiff from Order entered on or about 29 November 2012 by Judge Timothy S. Kincaid in Superior Court, Mecklenburg County. Heard in the Court of Appeals 23 September 2013.

**PODREBARAC v. HORACK, TALLEY, PHARR, & LOWNDES, P.A.**

[231 N.C. App. 70 (2013)]

*Jackson Law Group, by Gary W. Jackson, for plaintiff-appellant.*

*Poyner Spruill LLP, by Cynthia L. Van Horne, for defendants-appellees.*

STROUD, Judge.

Donald Podrebarac ("plaintiff") appeals from an order entered 29 November 2012 dismissing his malpractice complaint against Horack, Talley, Pharr, & Lowndes, P.A. and Gena Morris ("defendants") as barred by the statute of limitations. For the following reasons, we reverse.

## I. Background

Plaintiff and Buntin Podrebarac were married in October 1987 and separated in December 2007. Plaintiff retained defendants and Perry, Bundy, Plyler, Long, & Cox, LLP ("Perry Bundy") to represent him in an action seeking equitable distribution of marital property. Plaintiff, Ms. Podrebarac, and their respective attorneys participated in a mediation session on 14 January 2009. The parties failed to reach an agreement at the first session, but agreed to a second mediation session on 29 April 2009. The second mediation session resulted in a three-page document entitled "Mediation Stipulations," which was signed by the parties and the attorneys but not notarized; the stipulations were contained in a document with the case caption, signed by the trial court, and filed with the Clerk of Court. As alleged by Plaintiff:

> 17. The Mediation Stipulation, at paragraph 12, provided that the property settlement and alimony provisions, as agreed upon at the mediated settlement conference, would be formalized in an Alimony and Property Settlement Agreement, which the parties agreed would be prepared by Ms. Podrebarac's counsel and submitted to Plaintiff and Defendants for review.
>
> 18. On May 1, 2009, the Honorable Christopher W. Bragg entered the Mediation Stipulations, which were to have resolved all issues between the parties.

As agreed in the stipulations, counsel for Ms. Podrebarac drafted an Alimony and Property Settlement Agreement ("Draft Settlement Agreement") based upon the stipulations, but then Ms. Podrebarac refused to sign it. Nevertheless, prior to January of 2010, the parties

began complying with the property division outlined in the "Mediation Stipulations" and continued to act in accordance with the stipulations until at least April 2012.[1]

In early 2012, defendants withdrew as counsel for plaintiff. Counsel for Ms. Podrebarac withdrew in early 2011. In May 2011, Ms. Podrebarac retained new counsel, who asserted that the mediation stipulations were not enforceable. Plaintiff also retained new counsel and moved to enforce the stipulations as a "mediated settlement agreement." Plaintiff's complaint alleges the following:

> 28. On September 26, 2011, Plaintiff's new counsel, Dorian Gunter, moved for enforcement of the Mediated Settlement Agreement.
>
> 29. On April 13, 2012, Mr. Brooks and Ms. Woodruff filed a Motion to Dismiss Plaintiff's Motion to Enforce Mediated Settlement Agreement. The basis for the Motion was stated as follows:
>
>> The Motion to Enforce Mediated Settlement Agreement fails on its face and should be summarily dismissed because the Mediated Stipulations filed May 1, 2009, totally fail to meet the requirement of N.C.G.S. § 50-20(d) for a stipulation settling equitable distribution. To settle equitable distribution with a stipulation, the stipulation must absolutely be notarized. N.C.G.S. § 50-20(d).... The other option would have been to have had the parties sworn in open court under *McIntosh* (*McIntosh v. Mcintosh*, 74 N.C. App. 554, 328 S.E.2d 600). The procedure under *McIntosh* was not followed either.
>
> These motions were heard before District Court Judge Hunt Gwyn on April 29, 2012.
>
> 30. On April 29, 2012, Judge Hunt Gwynn granted Ms. Podrebarac's Motion to Dismiss on the basis that the parties' signatures on the Mediation Stipulations had

---

1. The stipulations also included provisions regarding alimony and child support, which are not at issue in this appeal, but the parties apparently acted in compliance with these provisions as well.

**PODREBARAC v. HORACK, TALLEY, PHARR, & LOWNDES, P.A.**

[231 N.C. App. 70 (2013)]

evidently not been notarized pursuant to N.C.G.S. §50-10 or 50-20(d).[2]

Plaintiff then filed the present action against defendants, as well as Perry Bundy, and Richard Long, Jr. in Mecklenburg County on 14 June 2012, alleging professional negligence in the preparation of the mediation stipulations. Plaintiff alleged that defendants breached their duty to plaintiff by, *inter alia,* failing to have the signatures on the stipulations notarized, failing to advise him that the stipulations were not enforceable without such notarization, failing to take the necessary steps to have the stipulations notarized between the day that the stipulations were signed and the date they withdrew as counsel, and omitting the biggest asset in the marital estate, a business called Happy Times Discount Beverage, Inc., from the stipulations. Plaintiff attached a copy of the Mediation Stipulations, the Draft Settlement Agreement, and invoices for attorney services rendered to Ms. Podrebarac between December 2008 and June 2009 as exhibits to the complaint. Liberally construing the complaint, plaintiff has alleged that the "mediation stipulations" were intended to be a complete and final settlement agreement, but that defendants failed to ensure that the "Mediation Stipulations" were enforceable as a settlement agreement.

All defendants moved to dismiss the complaint under N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (2011). The trial court granted defendants' motion by order entered 29 November 2012 on the basis that plaintiff's claims are barred by the applicable statute of limitations. Plaintiff filed notice of appeal on 27 December 2012, but also filed a voluntary dismissal of his claims against Richard Long, Jr. and Perry Bundy on 4 April 2013.

## II. Motion to Dismiss

Plaintiff argues that the trial court erred in concluding that his complaint was barred by the applicable statute of limitations. We agree.

---

2. The record in the case does not include Judge Gwynn's actual order, so for purposes of this opinion and because we are reviewing an order allowing a motion to dismiss, we must treat plaintiff's characterization of Judge Gwynn's ruling on the motion as alleged in the complaint as correct and true. We take judicial notice that plaintiff did appeal the trial court's ruling on his motion to enforce the "mediated settlement agreement," currently docketed in this Court as *Podrebarac v. Podrebarac* (COA13-779). That case, however, is separate from the one before us. We will consider the alleged ruling as the actual and complete ruling of the District Court for purposes of this opinion, but we caution that this opinion should not be construed as having any legal effect upon the pending appeal from the District Court's order.

A.  Standard of Review

> The standard of review of an order granting a 12(b)(6)
> motion is whether the complaint states a claim for which
> relief can be granted under some legal theory when the
> complaint is liberally construed and all the allegations
> included therein are taken as true. On a motion to dismiss,
> the complaint's material factual allegations are taken as
> true. Dismissal is proper when one of the following three
> conditions is satisfied: (1) the complaint on its face reveals
> that no law supports the plaintiff's claim; (2) the complaint
> on its face reveals the absence of facts sufficient to make a
> good claim; or (3) the complaint discloses some fact that
> necessarily defeats the plaintiff's claim. On appeal of a
> 12(b)(6) motion to dismiss, this Court conducts a *de novo*
> review of the pleadings to determine their legal sufficiency
> and to determine whether the trial court's ruling on the
> motion to dismiss was correct.

*Burgin v. Owen*, 181 N.C. App. 511, 512, 640 S.E.2d 427, 428-29 (citations
and quotation marks omitted), *disc. rev. denied and app. dismissed*,
361 N.C. 425, 647 S.E.2d 98, *cert. denied*, 361 N.C. 690, 652 S.E.2d
257 (2007).

"A legal malpractice action is subject to a three-year statute of
limitations. N.C.G.S. § 1-15(c) (2001). The action 'accrue[s] at the time
of . . . the last act of the defendant giving rise to the cause of action.'
N.C.G.S. § 1-15(c)." *Bolton v. Crone*, 162 N.C. App. 171, 173, 589 S.E.2d
915, 916 (2004) (citation omitted). "Continuing representation of a client
by an attorney following the last act of negligence does not extend the
statute of limitations." *Chase Development Group v. Fisher, Clinard
& Cornwell, PLLC*, 211 N.C. App. 295, 304, 710 S.E.2d 218, 225 (2011)
(citation omitted).

> However, if the claimant's loss is "not readily apparent to
> the claimant at the time of its origin, and . . . is discovered
> or should reasonably be discovered by the claimant two or
> more years after . . . the last act of the defendant giving rise
> to the cause of action, suit must be commenced within one
> year from the date discovery is made."

*Bolton*, 162 N.C. App. at 173, 589 S.E.2d at 916 (quoting N.C. Gen. Stat.
§1-15(c)).

Plaintiff argues that even assuming his cause of action accrued on the date that the stipulations were signed, 29 April 2009, his loss was not apparent on that date. Liberally construing the complaint and taking all of the allegations in the complaint as true, we agree.

Plaintiff has alleged that he was unaware that the signatures on a mediated settlement agreement had to be notarized to be enforceable. Plaintiff claims that he did not discover that the agreement was unenforceable as a settlement agreement until 29 April 2012, when the District Court so held.[3]

Although defendants correctly point out that generally a person is expected to read and understand the documents he signs, *see Isley v. Brown*, 253 N.C. 791, 793, 117 S.E.2d 821, 823 (1961), that does not necessarily mean that it is reasonable to expect him to understand that the District Court would refuse to enforce the intended "mediated settlement agreement" unless the signatures were notarized or to second guess the alleged assurances of his attorneys, *see Thorpe v. DeMent*, 69 N.C. App. 355, 359, 317 S.E.2d 692, 695 (noting that the plaintiff was a "layman" who became aware of his loss when his attorneys informed him of their error, but affirming dismissal of the complaint because he was so informed within two years of the last act giving rise to his claim), *aff'd per curiam*, 312 N.C. 488, 322 S.E.2d 777 (1984).

The earliest that plaintiff could reasonably have been expected to discover that defect was on 13 April 2012, when Ms. Podrebarac's attorney filed a motion to "dismiss" his motion to enforce the "mediated settlement agreement." This date was more than two years after the last act giving rise to the claim—the agreement was signed on 29 April 2009 and filed with the trial court on 1 May 2009. Therefore, the discovery rule applies. The present complaint was filed on 14 June 2012, well within one year of 13 April 2012, as required by N.C. Gen. Stat. § 1-15(c). Therefore, the complaint was not barred by the statute of limitations.

Although it is certainly possible that discovery will reveal that plaintiff was or ought to have been aware of his injury before that date, or

---

3. We reiterate that we are taking all of the allegations of the complaint as true, including his characterization of the "Mediation Stipulations" as an intended mediated settlement agreement. We cannot address the correctness of the trial court's determination in this case or whether the "Mediation Stipulations" may have been enforceable by some other avenue—that issue will be decided in the appeal from that order. The parties have only briefed the issue of the statute of limitations and the trial court explicitly based its order on that issue, not on the sufficiency of the complaint to state a claim.

that plaintiff's claim is defective for some other reason, we conclude that the time bar of the statute of limitations is not apparent from the face of the complaint or the attached exhibits. We cannot say that the complaint "discloses some fact that necessarily defeats the plaintiff's claim." *Burgin*, 181 N.C. App. at 512, 640 S.E.2d at 429 (citation and quotation marks omitted). Therefore, we must reverse the trial court's order dismissing plaintiff's action and remand for further proceedings.

III. Conclusion

We hold that plaintiff's complaint, liberally construed, does not disclose facts necessary to conclude that it is barred by the applicable statute of limitations. Therefore, we reverse the trial court's order dismissing the action and remand for further proceedings.

REVERSED and REMANDED.

Chief Judge MARTIN and Judge GEER concur.