TYSON, Judge, dissenting.
The record shows plaintiff alleged and argued sovereign immunity under Rule 12(b)(6), and obtained the trial court's ruling on this issue. The majority's opinion holds this Court is without jurisdiction to hear defendant's appeal, because defendant only preserved its sovereign immunity argument under Rule 12(b)(1) (lack of subject matter jurisdiction), and not under Rules 12(b)(2) (lack of personal jurisdiction) and 12(b)(6) (failure to state a claim). I respectfully dissent *538 from the majority's dismissal of defendant's appeal. I vote to review defendant's appeal on the merits, and reverse the trial court's denial of defendant's Rule 12(b)(6) motion to dismiss.
I. Rule 12(b)(6)
A. Jurisdiction to Hear Defendant's Appeal
Generally, the denial of a motion to dismiss is interlocutory and not immediately appealable to this Court. Reid v. Cole, 187 N.C.App. 261, 263, 652 S.E.2d 718, 719 (2007). Many precedents hold a denial of a Rule 12(b)(6) motion to dismiss on the basis of sovereign immunity affects a substantial right and is immediately appealable.
*96 Green v. Kearney, 203 N.C.App. 260, 266, 690 S.E.2d 755, 761 (2010) ; see also Can Am v. State, 234 N.C.App. 119, 122, 759 S.E.2d 304, 307, disc. review denied, 367 N.C. 791, 766 S.E.2d 624 (2014) ("Had defendants moved to dismiss based on the defense of sovereign immunity pursuant to Rule 12(b)(6), we would be bound by the longstanding rule that the denial of such a motion affects a substantial right and is immediately appealable under [N.C. Gen.Stat. § ] 1-277(a)."). The majority's holding that this "longstanding rule" is inapplicable "[s]ince the only sovereign immunity argument preserved below raised the issue under Rule 12(b)(1)" is error.
Defendant's motion to dismiss states defendant "moves to dismiss Plaintiff's Complaint pursuant to Rules 12(b)(1) and/or 12(b)(6) of the North Carolina Rules of Civil Procedure for mootness, lack of standing, lack of subject matter jurisdiction, and failure to state a claim upon which relief may be granted. " (emphasis supplied). At the hearing, defendant's counsel correctly argued:
First, it is well settled in North Carolina courts that the State is immune from suit, absent waiver or consent. Sovereign immunity extends to state agencies, which includes the University of North Carolina at Chapel Hill. Some court[s] have treated sovereign immunity as a 12(b)(1) defense while others have treated it as a 12(b)(2) defense. However, in Myers v. McGrady, the North Carolina Supreme Court referred to the sovereign immunity bar as: Fatal to jurisdiction without further specification.
The party seeking access to the Court bears the burden of proving that the Court has subject matter jurisdiction. And when it appears by suggestion of the parties or otherwise that the Court lacks subject matter jurisdiction, the Court shall dismiss the action under Rule 12(h)(3). Furthermore, as held in M Series Rebuild LLC v. Town of Mount Pleasant, which I do have copies of for the Court if you would like to review it, the plaintiff's complaint must affirmatively demonstrate the basis for waiver of immunity when suing a government entity. Here the complaint neither alleged a waiver of immunity nor demonstrated the basis for such a waiver. Accordingly, the complaint should be dismissed on sovereign immunity grounds.
(emphasis supplied).
*97 The majority's opinion fails to consider defendant's arguments and authorities cited, and incorrectly concludes defendant failed to assert sovereign immunity under Rule 12(b)(6) at the hearing. Rule 12(b)(6) allows a party to assert the immunity and move for a dismissal for the "failure to state a claim upon which relief can be granted." N.C. Gen.Stat. § 1A-1, Rule 12(b)(6) (2015).
It is well-settled that "[i]n order to overcome a defense of [sovereign] immunity, the complaint must specifically allege a waiver of [sovereign] immunity. Absent such an allegation, the complaint fails to state a cause of action. " Green, 203 N.C.App. at 268, 690 S.E.2d at 762 (citation omitted) (emphasis supplied). Defendant's argument to the trial court clearly raises Rules 12(b)(1), 12(b)(2), and 12(b)(6). Defense counsel clearly argues that plaintiff's complaint fails to state a claim by "neither alleg[ing] a waiver of immunity nor demonstrat[ing] the basis for such a waiver."
The trial court explicitly ruled on defendant's motion under Rule 12(b)(6) in the written order. The court found "that it possesses subject matter jurisdiction over this action and that the plaintiff's complaint has made allegations sufficient to state a claim upon *539 which relief may be granted under some legal theory." (emphasis supplied).
The majority opinion's conclusion that defendant did not raise sovereign immunity under Rule 12(b)(6) is simply not supported and is contradicted by, the arguments of defendant's counsel at the hearing and on the record. The denial of a motion to dismiss on the grounds of sovereign immunity based on Rule 12(b)(6) is immediately appealable. Defendant raised and argued sovereign immunity under Rule 12(b)(6) before the trial court. Id. at 266, 690 S.E.2d at 761.
B. Denial of Defendant's 12(b)(6) Motion
1. Standard of Review
On a motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, the standard of review is whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory. The complaint must be liberally construed, and the court should not dismiss the complaint unless it appears beyond a doubt that the plaintiff could not prove any set of facts to support his claim which would entitle him to relief.
*98 Holleman v. Aiken, 193 N.C.App. 484, 491, 668 S.E.2d 579, 584-85 (2008) (citation and quotation marks omitted).
"Dismissal is warranted (1) when the face of the complaint reveals that no law supports plaintiffs' claim; (2) when the face of the complaint reveals that some fact essential to plaintiffs' claim is missing; or (3) when some fact disclosed in the complaint defeats plaintiffs' claim. " Walker v. Sloan, 137 N.C.App. 387, 392, 529 S.E.2d 236, 241 (2000) (citation and internal quotation marks omitted) (emphasis supplied).
"[T]he trial court regards all factual allegations of the complaint as true. Legal conclusions, however, are not entitled to a presumption of truth." Id. (citations omitted). This Court "conducts a de novo review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." Podrebarac v. Horack, Talley, Pharr, & Lowndes, P.A., 231 N.C.App. 70, 74, 752 S.E.2d 661, 663-64 (2013) (citation omitted).
2. Failure to Allege Waiver of Sovereign Immunity
Defendant argues the trial court erred by denying his motion to dismiss where the complaint fails to allege a waiver of sovereign immunity. I agree.
The doctrine of sovereign immunity is well settled in North Carolina courts:
It is an established principle of jurisprudence, resting on grounds of sound public policy, that a state may not be sued in its own courts or elsewhere unless it has consented by statute to be sued or has otherwise waived its immunity from suit.
Welch Contracting, Inc. v. N.C. Dep't of Transp., 175 N.C.App. 45, 51, 622 S.E.2d 691, 695 (2005) (citing Smith v. Hefner, 235 N.C. 1, 6, 68 S.E.2d 783, 787 (1952) ). Sovereign immunity applies in actions brought for declaratory relief, Petroleum Traders Corp. v. State, 190 N.C.App. 542, 547, 660 S.E.2d 662, 664 (2008), and extends to state agencies. Welch, 175 N.C.App. at 51, 622 S.E.2d at 695. The court lacks jurisdiction where the doctrine of sovereign immunity applies, and plaintiff's claim must be dismissed on jurisdictional grounds. Id. at 56, 622 S.E.2d at 698.
Sovereign immunity "is immunity from suit rather than a defense to liability." Moore v. Evans, 124 N.C.App. 35, 40, 476 S.E.2d 415, 420 (1996). This Court and our Supreme Court have repeatedly held: "In order to overcome a defense of governmental immunity, the complaint *99 must specifically allege a waiver of governmental immunity. Absent such an allegation, the complaint fails to state a cause of action. " Paquette v. County of Durham, 155 N.C.App. 415, 418, 573 S.E.2d 715, 717 (2002) (internal citations omitted) (emphasis supplied), disc. review denied, 357 N.C. 165, 580 S.E.2d 695 (2003). See also Clark v. Burke County, 117 N.C.App. 85, 88, 450 S.E.2d 747, 748 (1994) ("[A]bsent an allegation to the effect that [sovereign] immunity has been waived, the complaint fails to state a cause of action. " (emphasis supplied)). "While this principle has been applied primarily in cases involving counties or municipalities, this Court [has] *540 held ... that it is equally applicable in suits against the State and its agencies." Fabrikant v. Currituck County, 174 N.C.App. 30, 38, 621 S.E.2d 19, 25 (2005) (citing Vest v. Easley, 145 N.C.App. 70, 74, 549 S.E.2d 568, 573 (2001) ).
It is undisputed that defendant is an agency of the State of North Carolina and enjoys sovereign immunity from suit. See Welch, 175 N.C.App. at 51, 622 S.E.2d at 695. Plaintiff's complaint asserts no cause of action against defendant without a specific allegation that defendant has waived sovereign immunity. "[A]s long as the complaint contains sufficient allegations to provide a reasonable forecast of waiver, precise language alleging that the State has waived the defense of sovereign immunity is not necessary." Fabrikant, 174 N.C.App. at 38, 621 S.E.2d at 25. Here, plaintiff's complaint is wholly silent and asserts no allegations, which support any lawful conclusion that defendant has "consented by statute to be sued or has otherwise waived its immunity from suit." Welch, 175 N.C.App. at 51, 622 S.E.2d at 695 (citations and quotation marks omitted).
II. Conclusion
Defendant's motion to dismiss alleges plaintiff's failure to state a claim under Rule 12(b)(6). At the hearing, defendant argued and cited authority to show plaintiff's complaint neither alleged a waiver of immunity nor demonstrated the basis for such a waiver, and should be dismissed on sovereign immunity grounds. The record clearly shows defendant raised sovereign immunity at the hearing under Rule 12(b)(6). This issue is properly before this Court.
Plaintiff's complaint fails to specifically allege defendant has "consented by statute to be sued or has otherwise waived its immunity from suit." Id. Plaintiff has failed to state a claim upon which relief can be granted. The trial court erred by denying defendant's motion to dismiss under Rule 12(b)(6). The order of the trial court should be reversed. I respectfully dissent.