DAVIS, Judge.
 

 *11
 
 This appeal presents the issues of whether (1) North Carolina law recognizes a cause of action for tortious interference with an expected inheritance by a potential beneficiary during the lifetime of the testator; and (2) in cases where a living parent has grounds to bring claims for constructive fraud or breach of fiduciary duty such claims may be brought instead by a child of the parent based upon her anticipated loss of an expected inheritance. Teresa Kay Hauser ("Plaintiff") appeals from the trial court's 3 March 2016 order granting the motion to dismiss of Darrell S. Hauser and Robin E. Whitaker Hauser (collectively "Defendants") as to her claims for tortious interference with an expected inheritance, constructive fraud, and breach of fiduciary duty as well as her request for an accounting.
 
 [1]
 
 Because Plaintiff's claims for relief are not legally viable in light of the facts she has alleged, we affirm the trial court's order.
 

 Factual and Procedural Background
 

 We have summarized the pertinent facts below using Plaintiff's own statements from her complaint, which we treat as true in reviewing the trial court's order granting a motion to dismiss under Rule 12(b)(6).
 
 Feltman v. City of Wilson
 
 ,
 
 238 N.C.App. 246
 
 , 247,
 
 767 S.E.2d 615
 
 , 617 (2014).
 

 Plaintiff and Darrell S. Hauser ("Darrell") are the only children of Hilda Hege Hauser ("Mrs. Hauser") and her late husband, James Hauser ("Mr. Hauser"). Before his death, Mr. Hauser set up a trust (the "Trust"), naming Edward Jones Investments as trustee and listing Plaintiff, Darrell, and Mrs. Hauser as the Trust's beneficiaries. On 31 December 1998, Mrs. Hauser executed a will, devising all of her real and personal property to Plaintiff and Darrell per stirpes in the event that Mr. Hauser predeceased her. Her real property included a residence located on Harper Road in Lewisville, North Carolina (the "Harper Road Property"). The 1998 will also devised her residual estate to the trustee of the Hilda Hege Hauser Revocable Trust Agreement.
 

 On 8 March 2005, Mrs. Hauser executed a power of attorney, naming Plaintiff as her attorney-in-fact. In late 2011, Darrell's wife, Robin Hauser ("Robin"), began caring for Mrs. Hauser. Mrs. Hauser's primary sources of income at this time consisted of payments from the Trust and
 
 *12
 
 her social security benefits. She also maintained checking and savings accounts with Wells Fargo.
 

 Beginning in December 2011, as a result of the exercise of undue influence over Mrs. Hauser by Defendants, Mrs. Hauser began transferring money from the Trust to her Wells Fargo accounts and withdrawing cash from these accounts. Between 27 December 2011 and 24 April 2012, these transfers and withdrawals totaled approximately $20,000.
 

 During March 2012, Plaintiff "was alerted to questionable transfers of funds from the Trust to [Mrs.] Hauser's Wells Fargo accounts by a trustee at Edward Jones Investments." Upon learning of these transactions, Plaintiff transferred $12,000 from Mrs. Hauser's Wells Fargo account to Plaintiff's personal account pursuant to her authority as Mrs. Hauser's attorney-in-fact.
 

 On 12 July 2012, Mrs. Hauser revoked the 8 March 2005 power of attorney naming Plaintiff as her attorney-in-fact and executed
 
 *393
 
 a new power of attorney (the "2012 Power of Attorney"), appointing Darrell as her attorney-in-fact.
 
 [2]
 
 That same day, she executed a new will, which devised the Harper Road Property to Darrell and left the remainder of her real and personal property to Plaintiff and Darrell in equal shares.
 

 On 22 January 2015, Mrs. Hauser created the Hilda Hege Hauser Irrevocable Trust (the "Irrevocable Trust"). On that same day, she signed a quitclaim deed for the Harper Road Property to Darrell and an attorney, George M. Cleland, IV, as trustees of the Irrevocable Trust.
 

 Plaintiff filed a complaint in Forsyth County Superior Court on 17 December 2015 alleging constructive fraud, breach of fiduciary duty, tortious interference with an expected inheritance, and undue influence. In her complaint, she sought,
 
 inter alia
 
 , the return of any of Mrs. Hauser's funds that had been fraudulently transferred from her accounts, the removal of Darrell as Mrs. Hauser's attorney-in-fact, the revocation of Mrs. Hauser's July 2012 will, and an order requiring Darrell to "render an accounting of his actions as [Mrs.] Hauser's attorney-in-fact from July 12, 2012 to the date of the filing of th[e] Complaint."
 

 On 12 February 2016, Defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure and filed an answer twelve days later. A hearing was held on Defendants' motion
 
 *13
 
 to dismiss before the Honorable John O. Craig, III, on 29 February 2016. On 3 March 2016, the trial court entered an order dismissing Plaintiff's complaint. Plaintiff filed a timely notice of appeal.
 

 Analysis
 

 The standard of review of an order granting a Rule 12(b)(6) motion is whether the complaint states a claim for which relief can be granted under some legal theory when the complaint is liberally construed and all the allegations included therein are taken as true. On appeal, we review the pleadings
 
 de novo
 
 to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct.
 

 Feltman
 
 ,
 
 238 N.C.App. at 251
 
 ,
 
 767 S.E.2d at 619
 
 . "Dismissal is proper when one of the following three conditions is satisfied: (1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim."
 
 Podrebarac v. Horack, Talley, Pharr, & Lowndes, P.A.
 
 ,
 
 231 N.C.App. 70
 
 , 74,
 
 752 S.E.2d 661
 
 , 663 (2013) (citation omitted).
 

 I. Tortious Interference with an Expected Inheritance
 

 Plaintiff's first argument on appeal is that the trial court erred in dismissing her claim for tortious interference with an expected inheritance. In support of this claim, Plaintiff alleges that Defendants' wrongful acts in causing the transfer and withdrawal of Mrs. Hauser's funds have "deplete[d] the assets of [her] eventual estate[,]" thereby diminishing Plaintiff's expected inheritance.
 

 In her brief, Plaintiff cites several cases from North Carolina's appellate courts that she claims recognize the existence of a cause of action for tortious interference with an expected inheritance.
 
 See, e.g.
 
 ,
 
 Bohannon v. Wachovia Bank & Tr. Co.
 
 ,
 
 210 N.C. 679
 
 , 685,
 
 188 S.E. 390
 
 , 394 (1936) ("If the plaintiff can recover against the defendant for the malicious and wrongful interference with the making of a contract, we see no good reason why he cannot recover for the malicious and wrongful interference with the making of a will."). However, none of the North Carolina cases cited by Plaintiff stand for the proposition that an expected beneficiary can bring such a claim
 
 during the lifetime of the testator
 
 .
 

 The legal invalidity of Plaintiff's claim is clearly demonstrated by our Supreme Court's decision in
 
 *14
 

 Holt v. Holt
 
 ,
 
 232 N.C. 497
 
 ,
 
 61 S.E.2d 448
 
 (1950). In
 
 Holt
 
 , the plaintiff brought an action for fraud and undue influence against his brothers in which he asserted that they had fraudulently induced their father to convey property to them prior
 
 *394
 
 to his death.
 

 Id.
 

 at 499
 
 ,
 
 61 S.E.2d at 450
 
 . The trial court dismissed the plaintiff's action.
 

 Id.
 

 Our Supreme Court affirmed, holding that the plaintiff lacked standing to maintain the action until such time as the will was declared to be invalid in a caveat proceeding.
 

 Id.
 

 at 503
 
 ,
 
 61 S.E.2d at 453
 
 . In its opinion, the Court stated the following:
 

 A child possesses no interest whatever in the property of a living parent. He has a mere intangible hope of succession. His right to inherit the property of his parent does not even exist during the lifetime of the latter. Such right arises on the parent's death, and entitles the child to take as heir or distributee nothing except the undevised property left by the deceased parent.
 

 In so far as his children are concerned, a parent has an absolute right to dispose of his property by gift or otherwise as he pleases. He may make an unequal distribution of his property among his children with or without reason. These things being true, a child has no standing at law or in equity either before or after the death of his parent to attack a conveyance by the parent as being without consideration, or in deprivation of his right of inheritance.
 

 When a person is induced by fraud or undue influence to make a conveyance of his property, a cause of action arises in his favor, entitling him, at his election, either to sue to have the conveyance set aside, or to sue to recover the damages for the pecuniary injury inflicted upon him by the wrong. But no cause of action arises in such case in favor of the child of the person making the conveyance for the very simple reason that the child has no interest in the property conveyed and consequently suffers no legal wrong as a result of the conveyance.
 

 Id.
 

 at 500-01
 
 ,
 
 61 S.E.2d at 451-52
 
 (internal citations and quotation marks omitted).
 

 The above-quoted principles remain the law of this State and defeat Plaintiff's claim-brought during Mrs. Hauser's lifetime-for tortious interference with an expected inheritance. All of the allegations in the complaint relate to property owned by Mrs. Hauser rather than by Plaintiff. Plaintiff filed this action solely on her own behalf rather than
 
 *15
 
 in a representative capacity on behalf of Mrs. Hauser. Indeed, Plaintiff makes no allegation that Mrs. Hauser has ever been adjudicated to be incompetent.
 

 In her brief, Plaintiff acknowledges the novelty of her claim based on existing North Carolina law but nevertheless urges us to adopt the reasoning of the Maine Supreme Court in
 
 Harmon v. Harmon
 
 ,
 
 404 A.2d 1020
 
 (Me. 1979). In
 
 Harmon
 
 , a mother had executed a prior will under which one of her two sons-the plaintiff-would receive a one-half interest in her property upon her death, but her other son and his wife-the defendants-subsequently induced her to instead transfer all of her property to them, effectively disinheriting the plaintiff.
 

 Id.
 

 at 1021
 
 . While the mother was still living, the plaintiff filed suit against the defendants for wrongful interference with an intended legacy, and the trial court dismissed the claim.
 

 Id.
 

 at 1021-22
 
 .
 

 The Maine Supreme Court reversed the trial court's order, holding that the Plaintiff had stated a valid claim for relief.
 

 We conclude that where a person can prove that, but for the tortious interference of another, he would in all likelihood have received a gift or a specific profit from a transaction, he is entitled to recover for the damages thereby done to him. We apply this rule to the case before us where allegedly the Defendant son and his wife have tortiously interfered with the Plaintiff son's expectation that under his mother's will he would receive a substantial portion of her estate.
 

 That an expectant legatee or an expectant heir has an interest of immediate economic value is implicit in the decisions holding that the expectant heir may effectively convey his interest for valuable consideration. Protection of this interest from tortious interference comports with recognition of this valuable right.
 

 Id.
 

 at 1024-25
 
 (internal citations omitted).
 

 Even if we were persuaded by the reasoning in
 
 Harmon
 
 -which we are not
 
 [3]
 
 -this
 
 *395
 
 Court lacks the authority to expand the limited cause of
 
 *16
 
 action recognized in
 
 Bohannon
 
 and its progeny in the manner requested by Plaintiff in this case.
 
 See
 

 Johnson v. Pearce
 
 ,
 
 148 N.C.App. 199
 
 , 202,
 
 557 S.E.2d 189
 
 , 191 (2001) ("Only our General Assembly and Supreme Court have the authority to abrogate or modify a common law tort." (citation omitted)). Accordingly, the trial court properly dismissed this claim under Rule 12(b)(6).
 

 II. Breach of Fiduciary Duty and Constructive Fraud
 

 Plaintiff next argues that the trial court erred in dismissing her claims for breach of fiduciary duty and constructive fraud. Defendants, conversely, contend that Plaintiff lacks standing to pursue these claims because she is not the real party in interest and no fiduciary relationship exists between Plaintiff and Defendants.
 

 In order "[f]or a breach of fiduciary duty to exist, there must first be a fiduciary relationship between the parties."
 
 Green v. Freeman
 
 ,
 
 367 N.C. 136
 
 , 141,
 
 749 S.E.2d 262
 
 , 268 (2013) (citation and quotation marks omitted). "A fiduciary relationship may arise when there has been a special confidence reposed in one who in equity and good conscience is bound to act in good faith and with due regard to the interests of the one reposing confidence."
 

 Id.
 

 (citation and quotation marks omitted).
 

 Similarly, in order "[t]o survive a motion to dismiss, a cause of action for constructive fraud must allege (1) a relationship of trust and confidence, (2) that the defendant took advantage of that position of trust in order to benefit himself, and (3) that plaintiff was, as a result, injured."
 
 White v. Consolidated Planning, Inc.
 
 ,
 
 166 N.C.App. 283
 
 , 294,
 
 603 S.E.2d 147
 
 , 156 (2004) (citation omitted),
 
 disc. review denied
 
 ,
 
 359 N.C. 286
 
 ,
 
 610 S.E.2d 717
 
 (2005). "The primary difference between pleading a claim for constructive fraud and one for breach of fiduciary duty is the constructive fraud requirement that the defendant benefit himself."
 

 Id.
 

 It is well established that "a lack of standing ... may be challenged by a motion to dismiss for failure to state a claim upon which relief may be granted."
 
 Teague v. Bayer AG
 
 ,
 
 195 N.C.App. 18
 
 , 22,
 
 671 S.E.2d 550
 
 , 554 (2009). It is axiomatic that "[e]very claim must be prosecuted in the name of the real party in interest."
 
 Street v. Smart Corp.
 
 ,
 
 157 N.C.App. 303
 
 , 306,
 
 578 S.E.2d 695
 
 , 698 (2003) (citation and quotation marks omitted). "[F]or purposes of reviewing a 12(b)(6) motion made on the grounds that the plaintiff lacked standing, a real party in interest is a party who is benefitted or injured by the judgment in the case."
 
 Woolard v. Davenport
 
 ,
 
 166 N.C.App. 129
 
 , 135,
 
 601 S.E.2d 319
 
 , 323 (2004) (citation, quotation marks, and brackets omitted).
 

 *17
 
 We agree with Defendants that Plaintiff's claims for both breach of fiduciary duty and constructive fraud fail as a matter of law. While Plaintiff's complaint alleges the existence of a fiduciary relationship between Defendants and Mrs. Hauser, nowhere does she allege the existence-or breach-of a fiduciary duty owed by Defendants
 
 to Plaintiff
 
 . Indeed, in her brief Plaintiff concedes "that she was not in an agency relationship with either Defendant." North Carolina law simply does not permit her to proceed on these claims based solely on her theory that her "expected inheritance of [Mrs.] Hauser's assets was substantially reduced" as a result of Defendants' alleged breach of their fiduciary duty owed to Mrs. Hauser.
 

 While Mrs. Hauser remains living, any claim arising out of a fiduciary relationship between her and Defendants can only be brought by Mrs. Hauser herself or someone legally authorized to act on her behalf. Therefore, Plaintiff lacks standing to bring a claim on her own behalf alleging that Defendants have breached a fiduciary duty owed by them to Mrs. Hauser. Absent allegations of the existence of a relationship of trust and confidence between Plaintiff and Defendants, Plaintiff's claims for constructive fraud and breach of fiduciary duty fail as a matter of law.
 
 See
 

 *396
 

 Green
 
 ,
 
 367 N.C. at 141
 
 ,
 
 749 S.E.2d at 268
 
 (requiring existence of fiduciary relationship between the parties in order for plaintiff to succeed on breach of fiduciary duty claim);
 
 Barger v. McCoy Hillard & Parks
 
 ,
 
 346 N.C. 650
 
 , 666,
 
 488 S.E.2d 215
 
 , 224 (1997) ("In order to maintain a claim for constructive fraud, plaintiffs must show that they and defendants were in a relation of trust and confidence...." (citation and quotation marks omitted)).
 

 III. Request for Accounting
 

 Finally, Plaintiff argues that the trial court erred in dismissing her request for an accounting. We disagree.
 

 Plaintiff's complaint stated the following with regard to this claim:
 

 114. Pursuant to the 2012 Power of Attorney, Plaintiff demands the Defendant Darrell S. Hauser render an accounting of his actions as [Mrs.] Hauser's attorney-in-fact from July 12, 2012 to the date of the filing of this Complaint.
 

 115. As a beneficiary of [Mrs.] Hauser's 2012 Will and other assets, Plaintiff is entitled to an accounting of Defendant's actions while acting as [Mrs.] Hauser's attorney-in-fact to determine whether [Darrell] has
 
 *18
 
 breached his fiduciary duty and intentionally interfered with Plaintiff's expected inheritance.
 

 Plaintiff did not attach the 2012 Power of Attorney to her complaint. Nor has she referenced in her complaint any specific provision of the 2012 Power of Attorney purporting to confer upon her the right to demand such an accounting. We are not at liberty to simply assume that such a provision may exist.
 
 See
 

 Norman v. Nash Johnson & Sons' Farms, Inc.
 
 ,
 
 140 N.C.App. 390
 
 , 394,
 
 537 S.E.2d 248
 
 , 252 (2000) ("While the well-pled allegations of the complaint are taken as true ... unwarranted deductions of fact are not deemed admitted." (citation and quotation marks omitted)),
 
 disc. review denied
 
 ,
 
 353 N.C. 378
 
 ,
 
 547 S.E.2d 14
 
 (2001).
 

 Moreover, Plaintiff has failed to cite any legal authority for the proposition that her present status as a potential beneficiary of Mrs. Hauser's estate would-without more-entitle her to an accounting of Darrell's actions as Mrs. Hauser's attorney-in-fact. Her attempt to rely upon Darrell's alleged breach of his fiduciary duty to Mrs. Hauser is, once again, insufficient to provide a basis for the relief she seeks. Therefore, the trial court correctly denied her request for an accounting.
 

 Conclusion
 

 For the reasons stated above, we affirm the trial court's 3 March 2016 order.
 

 AFFIRMED.
 

 Judges STROUD and HUNTER, JR. concur.
 

 [1]
 

 The trial court also dismissed Plaintiff's claim for undue influence but Plaintiff has not appealed the dismissal of that claim.
 
 See
 
 N.C. R. App. P. 28(a) ("The scope of review on appeal is limited to issues so presented in the several briefs. Issues not presented and discussed in a party's briefs are deemed abandoned.").
 

 [2]
 

 Mrs. Hauser was eighty-seven years old at the time she executed the 2012 Power of Attorney.
 

 [3]
 

 We note that
 
 Harmon
 
 has not achieved broad acceptance by courts in other jurisdictions.
 
 See, e.g.
 
 ,
 
 Labonte v. Giordano
 
 ,
 
 426 Mass. 319
 
 , 322,
 
 687 N.E.2d 1253
 
 , 1256 (1997) ("[W]e remain unpersuaded by the conclusions in the
 
 Harmon
 
 opinion and decline to recognize a new cause of action that [the plaintiff] seeks here.").