IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-744

Filed 19 March 2025

Wake County, No. 23CV024034-910

LEILEI ZHANG, Plaintiff,

v.

CARY ACADEMY, Defendant.

Appeal by Plaintiff from order entered 3 April 2024 by Judge Bryan Collins in Wake County Superior Court. Heard in the Court of Appeals 12 February 2025.

*Leilei Zhang, pro se Plaintiff-Appellant.*

*Parker Poe Adams & Bernstein, LLP, by Tory Ian Summey and Zachary S. Anstett, for Defendant-Appellee.*

GRIFFIN, Judge.

Plaintiff Leilei Zhang appeals from the trial court's order granting Defendant Cary Academy's motion to dismiss Plaintiff's complaint. Plaintiff contends, by allowing her daughter, Emily[1], to remain enrolled, Cary Academy: (1) breached the terms of their enrollment agreement; (2) violated Plaintiff's statutory right to control her daughter's education; and (3) aided and abetted the violation of her separation agreement with Emily's father. We disagree and hold the trial court properly

---

[1] We use a pseudonym to protect the identity of the juvenile and for ease of reading. *See* N.C. R. App. P. 42(b).

dismissed Plaintiff's complaint.

## I.    Factual and Procedural Background

Emily was a minor child who first enrolled at Cary Academy in 2016, and eventually graduated in 2024. Plaintiff and Emily's father separated in August 2021 and eventually divorced in October 2022. Plaintiff and Emily's father entered a joint custody agreement stating Emily would remain in Cary with her father for school purposes, but would spend school holidays with Plaintiff in California. In February 2023, Emily's father and Plaintiff both executed a Re-enrollment Agreement for Emily to complete her senior year of high school at Cary Academy. The Re-enrollment Agreement stated that the agreement "may not be amended or modified except in a written document signed by all parties that expressly acknowledges such amendment or modification."

On 6 March 2023, Plaintiff emailed Cary Academy attempting to withdraw her portion of the Re-enrollment Agreement. However, Emily's father did not consent to withdrawing Emily from Cary Academy. Cary Academy informed Plaintiff that without the consent of both parents, the school could not unenroll Emily.

On 29 August 2023, Plaintiff filed a complaint against Cary Academy in Wake County superior court. Plaintiff brought claims for breach of contract, violation of parental rights, and aiding and abetting. Cary Academy moved to dismiss under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. Their motion came on for hearing in the Wake County superior court on 16 January 2024. Following the

hearing, the court granted Cary Academy's motion and dismissed Plaintiff's complaint in its entirety. Plaintiff timely appeals.

## II. Analysis

Plaintiff argues the trial court erred by dismissing her claims. Plaintiff contends she adequately stated claims asserting Defendant: (1) breached the Re-enrollment Agreement signed by Plaintiff and Emily's father; (2) violated Plaintiff's parental right to control and direct Emily's education; and (3) aided and abetted the violation of a separation agreement between Plaintiff and Emily's father. We disagree.

We review a trial court's decision on a motion to dismiss de novo. *Bridges v. Parrish*, 366 N.C. 539, 541, 742 S.E.2d 794, 796 (2013). A motion to dismiss pursuant to Rule 12(b)(6) is properly granted if "one of the following three conditions is satisfied: (1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim." *Podrebarac v. Horack, Talley, Pharr, & Lowndes, P.A.,* 231 N.C. App. 70, 74, 752 S.E.2d 661, 663 (2013) (citations and internal marks omitted). We construe the complaint liberally in favor of the non-moving party and review "the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Id.* at 74, 752 S.E.2d at 664 (citations and internal marks omitted). However, a complaint must "state enough to

give the substantive elements of a *legally recognized claim*." *New Hanover Cnty. Bd. of Educ. v. Stein*, 380 N.C. 94, 111, 868 S.E.2d 5, 17 (2022) (citation and internal marks omitted).

## A. Breach of Contract

Plaintiff contends the trial court erred by dismissing her claim for breach of contract. Specifically, Plaintiff argues Cary Academy breached the Re-enrollment Agreement by failing to modify the agreement after Plaintiff's unilateral request to unenroll Emily. We hold this claim is moot.

North Carolina courts decline to make determinations on questions that have become moot as an exercise of judicial restraint. *In re Peoples,* 296 N.C. 109, 147, 250 S.E.2d 890, 912 (1978). "A case is considered moot when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." *Lange v. Lange,* 357 N.C. 645, 647, 588 S.E.2d 877, 879 (2003) (internal citations omitted). Further, if during "litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law." *Dickerson Carolina, Inc. v. Harrelson*, 114 N.C. App. 693, 697, 443 S.E.2d 127, 131 (1994) (citations and internal marks omitted).

Here, Plaintiff's complaint, filed on 25 August 2023, asked the court to order Cary Academy to pause Emily's school activity until further notice from the Plaintiff.

However, Emily successfully graduated from Cary Academy in May of 2024. Since the filing of the complaint, Emily is no longer attending Cary Academy and the exact relief Plaintiff initially sought has been achieved outside of the judicial process. As such, we cannot entertain or proceed with this cause merely to determine abstract propositions of law. *See McAdoo v. Univ. of N.C. at Chapel Hill*, 225 N.C. App. 50, 67–68, 736 S.E.2d 811, 823 (2013) (holding a breach of contract claim premised upon a scholarship agreement moot because the student-athlete graduated and matriculated to the NFL).

Moreover, Plaintiff's ancillary requests for relief are not supported by law because she did not sufficiently allege any damages, financial or otherwise, caused by Emily's attendance at Cary Academy. For example, Plaintiff admits Emily's father would have withheld Emily from her regardless of Emily's attendance at Cary Academy. She also admits that she did not pay for Emily's tuition—rather, Emily's father paid her tuition to Cary Academy. Accordingly, Plaintiff's breach of contract claim is moot.

## B. Violation of Parental Rights

Plaintiff alleges section 114A-10 of the North Carolina General Statutes, the Parental Bill of Rights, creates a private cause of action against non-parent third parties which Cary Academy violated. N.C. Gen. Stat. § 114A-10 (2023). We disagree.

The General Assembly can create a private cause of actions by statute. *See*

*Sykes v. Health Network Sol., Inc.,* 372 N.C. 326, 338, 828 S.E.2d 467, 474 (2019) (holding statutes may create a private cause of action). Generally, for a private cause of action to exist, the "the legislature [must have] expressly provided a private cause of action within the statute." *Id.* However, in limited circumstances, a statute may not expressly create a cause of action but may imply one. *Id.* North Carolina has established that "an implicit right of a cause of action exists when a statute requires action from a party, and that party has failed to comply with the statutory mandate." *Sugar Creek Charter Sch., Inc. v. Charlotte-Mecklenburg Bd. of Educ.*, 195 N.C. App. 348, 356, 673 S.E.2d 667, 673 (2009).

The Parental Bill of Rights enumerates the various rights, which parents have related to the education and upbringing of their children. *See* N.C. Gen. Stat. § 114A-10 ("A parent has the right to . . . direct the education and care of his or her child."). Here, we are unable to identify anything in section 114A-10 which explicitly authorizes the assertion of a private cause of action for the purpose of enforcing the Parental Bill of Rights. *Id.*

Moreover, we do not discern an implied private cause of action in section 114A-10 either. *Id.* North Carolina has established that "an implicit right of a cause of action exists when a statute requires action from a party, and that party has failed to comply with the statutory mandate." *United Daughters of the Confederacy v. City of Winston-Salem by & through Joines*, 383 N.C. 612, 637–38, 881 S.E.2d 32, 52 (2022) (quoting *Sugar Creek*, 195 N.C. App. at 356, 673 S.E.2d at 673). Here, the Parental

Bill of Rights codifies the rights a parent has but does not require any action from a party—as such, there is no implied private cause of action.

Because the Parental Bill of Rights does not explicitly state that there is a private cause of action or imply one exists, we hold the trial court properly dismissed Plaintiff's claim brought under section 114A-110.

## C. Aiding and Abetting

Plaintiff also alleges the trial court erred by dismissing her claim for aiding and abetting. Specifically, she alleges Cary Academy aided and abetted Emily's father in breaching a separation agreement between Plaintiff and Emily's father. We disagree.

North Carolina has never recognized aiding and abetting a breach of contract as a valid cause of action. Rather, North Carolina recognizes tortious interference with a contract. *Intersal, Inc. v. Hamilton*, 373 N.C. 89, 100, 834 S.E.2d 404, 413 (2019). To state a colorable claim for tortious interference with a contract, a plaintiff must allege facts sufficient to support the following elements:

> (1) a valid contract between the plaintiff and a third person which confers upon the plaintiff a contractual right against a third person; (2) the defendant knows of the contract; (3) the defendant intentionally induces the third person not to perform the contract; (4) and in doing so acts without justification; (5) resulting in actual damage to the plaintiff.

*Id*. However, even construing Plaintiff's Complaint liberally, she failed to allege facts sufficient to support a claim for tortious interference with a contract. *Id*. Thus, the

trial court properly dismissed Plaintiff's claim.

### III.    Conclusion

For the aforementioned reasons, we hold the trial court did not err by granting Defendant's motion to dismiss pursuant to Rule 12(b)(6).

AFFIRMED.

Judges TYSON and HAMPSON concur.